UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY STEVENS,<br><br>          Plaintiff,<br><br>    v.<br><br>SIEMENS MOBILITY and SUPERIOR GROUP,<br><br>          Defendants. | No. 2:18-cv-01065 TLN AC (PS)<br><br>ORDER |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP"), and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP will therefore be granted.

I. SCREENING

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

1

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

A. The Complaint

Plaintiff brings suit against Siemens Mobility and Superior Group under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act ("ADEA"). ECF No. 1 at 2-4. Plaintiff's complaint appears to be premised on a denial of employment due to a past criminal conviction. Specifically, plaintiff alleges that defendant Superior Group did an employment screening for Siemens, and that "Siemens administration facially-neutral policy or procedures specifically, criminal procedures, policies that disproportionately afects [sic] plaintiff who is African American policy is job related for position in question and consistent with business necessity." ECF No. 1 at 5. Plaintiff further alleges that "criminal conviction is not job related" and that "alternative employment practice that serves the employee legitimate goal effected as the challenge practice." Id. Plaintiff seeks earning of potential wages and punitive damages for "failure to hire with criminal conviction."

B. Analysis

The complaint does not contain facts supporting any cognizable legal claim against any defendant. Plaintiff, who has previously brought a similar action in this district, has been cautioned that in general "employers are free to refuse to hire applicants with any criminal record without violating Title VII or the ADEA, even if plaintiff personally disagrees with the relevance of such a requirement for the position he seeks." Stevens v. IMKO Workforce Sols., No. 217-cv-1026-MCE-KJN-PS, 2017 WL 4284639, at *2 (E.D. Cal. Sept. 27, 2017). Additionally, plaintiff has previously been warned that the conclusory allegation that his rejection on the basis of criminal history was pretext for racial discrimination, unsupported by specific factual allegations demonstrating pretext, is not sufficient to state a claim. Id.

The complaint now before the court does not clearly state allegations that support any

legal claim. In this case, plaintiff fails to assert facts to support his belief that his failure to be hired was due to his criminal conviction. Even if he had alleged such facts, they would fail to state a claim for relief under any employment discrimination statute. Moreover, plaintiff does not allege facts demonstrating a basis for his belief that rejection on the basis of his criminal conviction was a pretext for unlawful discrimination. Plaintiff's complaint makes only the conclusory assertion that his criminal conviction was not work related, but he does not assert any facts related to how he was otherwise qualified for the position(s) at issue. Plaintiff alleges no facts whatsoever to support his ADEA claim. Plaintiff's amended complaint must provide a clear recitation of the facts supporting his claims, including what legal harm he alleges was done and by whom, as well as allegations of facts supporting his claims of discrimination.

## II. AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, the amended complaint must allege facts establishing the existence of federal jurisdiction. In addition, it must contain a short and plain statement of plaintiff's claims. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). As noted above, forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

Plaintiff must avoid excessive repetition of the same allegations. Plaintiff must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts. Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what

4

facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." Id. at 1180. The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." Id. at 1179.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### III. PRO SE PLAINTIFF'S SUMMARY

The court cannot tell from plaintiff's complaint what legal harm was done to him, and what the facts are to support his claims of discrimination. The court is dismissing plaintiff's complaint, but allowing him to submit an amended complaint within 30 days of this order. If plaintiff chooses to submit an amended complaint, it must clearly state who did what to him, and why he believes he should be able to get legal relief. Plaintiff needs to tell the court, in simple terms, what laws he believes were violated, who he believes violated them, <u>why</u> he believes they were violated, and how the violations impacted him. Without this information, the court cannot tell whether plaintiff has a cognizable claim sufficient to pass screening. If plaintiff does not submit an amended complaint by the deadline, the undersigned will recommend that the case be dismissed.

### IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;

2. The complaint (ECF No. 1), is DISMISSED because it does not sufficiently state a cognizable claim; and

3. Plaintiff shall have 30 days from the date of this order to file an amended complaint that names defendants who are amenable to suit, and which complies with the instructions given above. If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

DATED: May 2, 2018

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE