UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY STEVENS,<br><br>    Plaintiff,<br><br>    v.<br><br>SIEMENS MOBILITY and SUPERIOR GROUP,<br><br>    Defendants. | No. 2:18-cv-01065 TLN AC (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff previously filed a complaint with a request for leave to proceed in forma pauperis ("IFP"). ECF Nos. 1 and 2. The motion to proceed IFP was granted, but plaintiff's complaint was dismissed on screening with leave to amend. ECF No. 3. Plaintiff timely filed a First Amended Complaint ("FAC"). The undersigned has reviewed the FAC and recommends it be dismissed without leave to amend.

## I. SCREENING

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting

1

the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Under these rules, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity

to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

## II. ANALYSIS

### A. Allegations in the FAC

Plaintiff brings suit against Siemens Mobility and Superior Group under "Title VII FEP laws." ECF No. 6 at 4. Plaintiff's FAC is apparently premised on being denied employment due to a past criminal conviction. Specifically, plaintiff alleges defendant Superior Group did an employment screening for Siemens, and found him qualified pending a background check. Id. at 5. Plaintiff alleges Siemens failed to hire him after his background check, and the position remained open until another applicant filled it. Id. Plaintiff asserts Siemen's policy regarding criminal history with respect to misdemeanors fails to protect the group. Id. Plaintiff's FAC is very similar to his original complaint, with the FAC alleging fewer facts than the original complaint. Compare ECF Nos. 1 and 6.

### B. The FAC Cannot Withstand Screening

Plaintiff's FAC alleges no additional facts, and so requires dismissal on screening for the same reasons his initial complaint was dismissed. Compare ECF Nos. 1 and 6. As with the initial complaint, the FAC does not contain facts supporting any cognizable legal claim against any defendant. Plaintiff has been cautioned in a previous case that, in general, "employers are free to refuse to hire applicants with any criminal record without violating Title VII or the ADEA, even if plaintiff personally disagrees with the relevance of such a requirement for the position he seeks." Stevens v. IMKO Workforce Sols., No. 217-cv-1026-MCE-KJN-PS, 2017 WL 4284639, at *2 (E.D. Cal. Sept. 27, 2017). Plaintiff has also been advised that he cannot state a claim by asserting in conclusory fashion, without any supporting factual allegations, that racial discrimination was defendants' true reason for failing to hire him. Id.

Plaintiff fails to assert any facts to support his belief (which is not expressly stated in the FAC, but can be inferred) that his failure to be hired was due to his criminal conviction. Even if he had alleged such a fact, he does not allege why he believes rejection based on his criminal

3

conviction was pretext for discrimination. Upon dismissal of his initial complaint, the court instructed plaintiff that his "amended complaint must provide a clear recitation of the facts supporting his claims, including what legal harm he alleges was done and by whom, as well as specific facts supporting his claim of discrimination." ECF No. 3 at 4. Plaintiff's FAC does not comply with the court's order and does not allege the facts necessary to withstand screening.

Although pro se plaintiffs are ordinarily given leave to amend when their case is dismissed on screening, leave to amend is not appropriate here because it is clear to the court that amendment would be futile. Noll, 809 at 1448. When plaintiff's original complaint dismissed he was given clear instructions on how to provide an amended complaint that would withstand screening. ECF No. 3 at 4. His FAC not only fails to comply and to allege the necessary facts, it contains less information than the original complaint. This backward progression indicates that further leave to amend would be futile.

## IV. CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's First Amended Complaint be dismissed without leave to amend for failure to state a claim upon which relief can be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: July 9, 2018

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE